## THE STATE v. COVINGTON ET AL.

1. Where several persons are indicted and found guilty of a conspiracy, a motion in arrest of judgment will be entertained at the instance of any one or more of them, although the others are not in Court, and may have actually escaped from custody.

The defendants were indicted in the Circuit Court of Cherokee, for a conspiracy; they were all tried on the plea of " not guilty," and a verdict was returned as follows: " We, the jury, find the defendants guilty, and assess their fine to twenty dollars each."

A motion was made to arrest the judgment, on the grounds as alledged, that the indictment did not charge an offence known to the law; and was insufficient. The Solicitor objected to any decision of the Court on the motion, because two of the defendants who had been found guilty, viz: Anderson Hodges and William Hodges, had escaped from custody and were not in Court. The Court refused to entertain the motion and referred the questions of law thereupon arising to this Court, as novel and difficult.

A further motion was made by Josiah Covington, one of the defendants, to arrest the judgment, for the same reasons as the first; which was in like manner objected to, disposed of, and referred.

Although the record does not discover it, it is agreed by the parties that a judgment was rendered on the verdict.

ATTORNEY GENERAL, for the State. The defendants are charged in the indictment with a joint offence, they submitted the question of their guilt to the jury at the same time; and must be taken to have united their fortunes "for weal or woe." The Circuit Court should not have rendered separate judgments; and properly refused to decide on the reasons in arrest of judgment, while two of the defendants were absent. [Rex v. Elizabeth Nichols, 2 Strange's Rep. 1227; Rex v. Spragg, 2 Burr. Rep. 930; 1 Salk. Rep. 400; Rex v. Teal, 11 East's Rep. 307; Rex v. Askew, Maule & S. Rep. 9, 10; 1 Chitty's Cr. L. 541; 7 Dane's Ab. 264.]

RICE, for the defendants. The escape of two of the defendants could not prejudice those who submitted themselves to the judgment of the Court; they had no control over their co-defendants, who were either in the custody of their bail or the law. The constitution guarantees to all persons charged with offences against the law, privileges which cannot be impaired or taken away, either by the form of the indictment, or the acts of those jointly charged with them. [Bill of Rights, §10, 11; 2 Ala. Rep. 102; see also, 3 M. & S. Rep. 9, 10, 68; 3 Chitty's Cr. L. 1138-40-43.] No inconvenience will result from entertaining the motion; if the judgment is arrested, the defendants may be tried de novo. [1 Stew. Rep. 31; 2 Ala. Rep. 102.] And the refusal to consider it, cannot bring back those who have escaped. But if such a result were the necessary consequence, a conviction upon an insufficient indictment could not be supported; and the defendants who appear may call upon the Court to determine whether it is legal. [Rice's So. Car. Rep. 1 ]

COLLIER, C. J.—In The King v. Teal and others, [11 East's Rep. 307,] two of the defendants were found guilty of a conspiracy, and one of them appeared in Court, and by his counsel moved for a new trial; but the Court refused to entertain the motion in the absence of the other, unless a special and separate ground was laid for dispensing with the general rule, that all parties must be present in such cases. It was, however, remarked, that the Court would bear in mind what passed when the defendants were brought up for judgment,

and if, upon considering the report of the Judge who presided at the trial, they were of opinion that there ought to be a new trial, they would of their own accord award it.   And afterwards Lord Ellenborough said, " that the Court had considered the objections which had been made to the trial, and though not in the form of a motion for a new trial, yet with the same benefit to the parties concerned; and they were of opinion that there was no foundation for either of them."   So in The King v. Askew and others, [3 M. & S. Rep. 9,] three persons were convicted of a conspiracy, and two of them only being present, moved for a new trial, the Court of King's Bench adhered to the case of The King v. Teal and others, remarking, however, that if upon looking into the report of the trial they saw reason to think that justice was not done, they could set aside the verdict or do whatever might be proper.   [See also, The King v. Lord Cochrane, 3 M. & S. Rep. 10, note.]   But in The King v. De Berenger and others, [3 M. & S. Rep. 67,] eight persons were indicted and found guilty of a conspiracy.   Six of the defendants appeared to receive judgment, and two of them moved in arrest of judgment.   Although this case was decided at the same term with those cited from the same book, yet no objection was made to the motion in consequence of the absence of some of the defendants; but it was entertained and overruled.   The failure to make the objection would seem to indicate that a motion in arrest of judgment was not governed in this respect by the rule applied to a motion for a new trial, and that the Court would look into the record to see if the conviction was free from error.

The cases cited by the Attorney General from 2 Burrow and 1 Salkeld, are entirely unlike the one at bar.   The former merely determines in accordance with Rex v. Nichols, [2 Strange,] that a motion for a new trial, or in arrest of judgment, in the case of a conviction of an indictable offence, will not be entertained in the absence of the party on whose behalf it was made; the latter, that it will not be adjudicated in his absence, where the punishment to be inflicted is corporal.

We cannot well conceive how any one found guilty of offending against the criminal laws, can be denied the right of objecting to the legality of his conviction.   The constitution it has been supposed, except in certain excepted cases, guarantees

to the accused the right to demand an indictment before he can be put upon his trial as an offender " against the peace and dignity of the State." [The State v. Middleton, 5 Porter's Rep. 484.] And he certainly should be permitted to object, even after verdict, that the indictment does not charge in a legal manner a breach of law. Conceding that where a conspiracy is proved against several, each will be held liable for an act done in furtherance of the common intent, yet the nature of the offence does not inhibit each from insisting, after verdict, that he was improperly, or irregularly convicted. If the law were otherwise, those who were guilty and satisfied with the verdict, might by absenting themselves, or refusing to co-operate, in a motion to arrest the judgment, compel those who were dissatisfied with the conviction, to submit to punishment in despite of justice. Such a state of things cannot be tolerated ; but each defendant must be allowed to present to the Court any exception which the law recognizes. The Constitution would seem to require this.

In a civil case where a judgment is rendered against several, either may sue a writ of error in the name of all, and obtain a severance as to those who refuse to join in assigning errors : and if an application was made for a writ of error to this Court by either of the defendants in the present case, if the record showed a sufficient objection to the regularity of the proceedings, we cannot see how it could be refused. To expedite justice and lessen expense, we think it would be best for the primary Court to entertain a motion in arrest of judgment. The cases cited in respect to a motion for a new trial appear to depend upon a rule of practice recognized in England ; and if strictly applicable there, where the judgment is sought to be arrested, we think it cannot be followed here.

The sufficiency of the reasons in arrest of judgment, are not referred for our decision, but only the propriety of considering them. On this point we have stated our opinion ; and our conclusion is, that the motion should have been entertained. That it may be adjudicated by the Circuit Court, a copy of this opinion will be transmitted thither.