[No. 20094. In Bank.—August 28, 1885.]

THE PEOPLE, APPELLANT, *v.* JOHN RICHARDS,
RESPONDENT.

CONSPIRACY—ONE CONSPIRATOR MAY BE SEPARATELY PROSECUTED—INFORMATION.
—In a prosecution for conspiracy, one conspirator may be separately informed against, tried, and convicted; and naming the co-conspirator does not render the information bad.

ID.—CONSPIRACY TO ROB.—A conspiracy to compel a third person to sign a bank check, and then to take it from him by force, is a conspiracy to rob.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Attorney-General Marshall, Howell C. Moore,* and *J. H. Campbell,* for Appellant.

*Herrington & Bane,* for Respondent.

McKINSTRY, J.—The Superior Court sustained a demurrer to an information which is in words and figures as follows:—

"In the Superior Court, etc.

"John Richards is accused by the district attorney of the county of Santa Clara, State of California, by this information, of conspiracy, committed as follows:—

"The said John Richards, on or about the 9th day of September, A. D., 1884, at the county and State aforesaid, did conspire with one David Davis, feloniously and by means of force and fear to take certain bank checks to and of the value of $15,000 from the person and immediate presence of one Henry Miller, the owner thereof, against the will of said Henry Miller; and immediately theretofore, and for the purpose of said taking, to compel said Henry Miller, by means of force and fear, to draw, make, and sign said checks; and said defendant, in pursuance of said conspiracy, and to effect the object thereof, did on or about the date last named, proceed from the town of Hollister, in the county of San Benito, State of California, to the city of Gilroy in the county of Santa Clara, in said State, and did arm and disguise himself, and on the 13th of September, 1884, did set forth from said city of Gilroy along the road

leading therefrom to the certain place in the county last afore-said, known as Pacheco Pass, there to lie in wait for said Henry Miller, and consummate the purpose of the said conspiracy, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California."

From the judgment on demurrer the people appealed.

Counsel for respondent make the point: "There must be two persons at least, charged jointly *as defendants* in every information for conspiracy." And adds: "To the general rule there is this only exception—one can only be charged or con-victed of conspiracy when he is charged to have conspired with persons 'unknown,' or beyond the jurisdiction of the court."

As supporting the point, respondent cites Pen. Code, § 1160, n.; Russell on Crimes, §§ 492–548; 2 Bishop's Criminal Law, §§ 188, 189; 1 Bishop's Criminal Procedure, §§ 963, 964.

The note to section 1160 of the Penal Code merely lays down certain propositions, not necessarily involving the one here presented, and refers to adjudications (mentioned in the text-writers or directly cited by respondent) to sustain such propositions.

We have seen no edition of Russell on Crimes divided into *sections.* In the eighth American edition of that work (Davis & Metcalf) it is said: "From the nature of conspiracy it is an offense which cannot be charged to have been committed by one person alone. And upon this ground it has been holden that a prosecution for a conspiracy cannot be maintained against a husband and wife only," etc. (Vol. 2, p. 690.) No one can dispute, or has ever disputed, that the offense cannot be com-mitted by one alone, and it would seem that the husband and wife were one in the sense that they could not conspire without the co-operation of another, at least.

Section 189 of 1 Bishop's Criminal Law does not bear upon the point, nor does section 188 help to solve the precise question. By way of *argument,* it may be said, *because* one cannot commit a conspiracy, or because when two are charged as defendants, the acquittal of one operates an acquittal of the other, therefore, the indictment must be against two persons, with the exceptions that one may be informed against if it be

stated in the information that the other conspirator is dead, or unknown, or out of the State. The argument may be given such force, if any, as it is entitled to. But·the 188th section is cited by counsel as authority to the point that at least two *must* be charged "as defendants." It is enough to say that Mr. Bishop draws no such inference from the premises by him laid down..

Sections 963 and 964 of 1 Bishop's Criminal Procedure treat of "steps where private person prosecutes," and " steps if prosecuting officer." They do not speak of conspiracy at all.

At section 464, (Vol. 1), Mr. Bishop quotes Starkie : " An indictment for conspiracy cannot charge the offense against one only, for the very nature and essence of the crime exclude the idea of its commission by a single individual. But the indictment may allege that the defendant, *together with other persons*, committed the offense." Bishop adds: "So that even here there is no legal necessity for proceeding *jointly* against the two or more conspirators." And in section 225 of the Criminal Procedure (Vol. 2), the same learned writer very clearly intimates his opinion that, upon principal, when two or more conspirators are living and within the jurisdiction, one of them may be separately indicted. He says : " The conspirators may, as of course, be jointly indicted. Nor, if they are, will the court generally direct that they be separately tried. But if one of two dies, the living one may be indicted and tried, and it is the same of a known conspirator where the other is unknown, and probably, it is legally competent to indict known and arrested conspirators separately, while yet the court might interfere to correct so inconvenient and unusual a course." If one can be separately indicted, two being named in the indictment as conspirators, the *indictment* is sufficient as against demurrer, whatever action the court might assume to take to prevent the: practice.

In support of his point respondent's counsel also cites 1 Wharton on Criminal Law, § 431; Wharton on Precedents of Indictments, 607–673; Wharton on Criminal Evidence, § 393.

At section 1388 of his Criminal Law, Dr. Wharton says: " A conspiracy must be by two persons at least; one cannot be· convicted of it unless he has been indicted with persons to the

jurors unknown." And the same learned writer employs similar language in a note to the form No. 607, inserted in his precedents. As to Wharton's Criminal Evidence, here again there is some error in the citation. Section 393 does not relate to the subject.

In a note to the statement in section 1388, above quoted, Wharton cites 1 Hawk. ch. 72, and a large number of reported decisions. Assuming that by "Hawk. ch. 72," is intended 1 Hawkins' Pleas of Crown, ch. 72, it is there only laid down that under the statute, 21 Edw. 1, one person alone cannot be guilty of conspiracy; and therefore no prosecution under it was maintainable against a husband and wife only. (§ 8, p. 448.) Of the cases cited, *Regina* v. *Thompson*, 5 Cox C. C. 166, only holds that where an indictment charged that A, B, and C conspired together, with divers other persons to the jurors unknown, and no evidence was offered affecting other persons than A, B, and C, and the jury acquitted B and C, but found A guilty, A was entitled to an acquittal. In *Reg.* v. *Mulcachy*, 3 H. L. Cas. 306, the defendant was indicted with five other persons. Mulcachy demurred to the indictment, because the overt acts were not properly set out. The judgment of the court was that the objection was not sufficient in law to prevent the defendant from being compelled to plead to the indictment, and the House of Lords affirmed this judgment. In the course of an opinion Mr. Justice Willes said—what is everywhere admitted—that a conspiracy is (in the absence of statutory limitations), an agreement of two or more to do an unlawful act, or a lawful act by unlawful means. There is nothing in that case to uphold the view of counsel for the respondent in the case at bar. If *R.* v. *Denton*, cited by Wharton, is *Reg.* v. *Inhabitants of Denton*, 1 Dears. C. C., reserved, p. 3, it is merely to the effect that where an indictment is framed on an act of Parliament, and the act is repealed after the indictment and before plea pleaded, a judgment against the defendant must be arrested. *United States* v. *Lyman Cole et al.*, 5 McLean, 513, was a case in which twelve persons were indicted for conspiracy with one Filley, deceased. There is no intimation in the report bearing on the question now before us.

*Commonw.* v. *Irwin*, 8 Phila. 380, only determined that to justify a conviction on a count charging conspiracy, the jury

must be satisfied that there was an unlawful combination by the defendant with at least one other person.

In the note to section 1388 of Wharton's Criminal Law, in which the foregoing cases are cited, reference is made to section 305 of Wharton's Criminal Pleading and Practice, where it is said: "In an indictment for conspiracy, less than two cannot possibly be joined; a wife and husband together not being sufficient. . . . . But it is clear that one defendant may be tried alone, when his co-conspirators are alleged to be unknown, or when such co-conspirators are *dead,* or *absent,* or *previously convicted.*" From section 305 we are referred to section 755 of the same book. There the rule is laid down: "In riot or conspiracy there cannot be a conviction of a single defendant, coupled with an acquittal of co-defendants, unless there is an allegation and proof *of the co-operation of parties not indicted.*" In a note to section 305, in addition to the case of *United States* v. *Cole,* reference is given to *Reg.* v. *Gompertz,* 92 Q. B. 824; *Com.* v. *Manson,* 2 Ashm. 31; *State* v. *Sam,* 2 Dev. 569, and *State* v. *Covington,* 4 Ala. 603.

In *Reg.* v. *Gompertz,* several persons were indicted together. It was held that, where all are convicted, if one shows himself entitled to a new trial on grounds not affecting the others, a new trial should be granted to all.

In *Com.* v. *Manson* the action of the court in denying a separate trial to one of two persons jointly indicted for a conspiracy was approved. *The State* v. *Sam,* 2 Dev. 569, is an interesting case, because of the able and learned opinion rendered. But there, too, the actual point decided was that on an indictment for conspiracy against two the acquittal of one is the acquittal of the other. Nothing is said in the opinion which directly sustains the view contended for in the present case, that an indictment cannot be sustained wherein the single defendant is charged to have conspired with another *named person,* unless it is averred that the latter is dead or out of the jurisdiction, etc. *The State* v. *Covington,* 4 Ala. 603, only holds that where several are indicted and found guilty of a conspiracy, a motion in arrest of judgment will be entertained at the instance of any one, although the others are not in court and may have escaped from custody.

In addition to the text-books above mentioned, counsel for

respondent also cites *Rex.* v. *Kinnersley*, 1 Strange, 193; *State* v. *Eagan*, 10 La. An. 698; *People* v. *Olcott*, 1 Am. Dec. 168; 2 Johns. Cases, 301, and *State* v. *McDonald*, 10 Am. Dec. 691; 1 McCord, 532.

*Rex.* v. *Kinnersley* decides that where two are indicted for a conspiracy and one only appears, and pleads to the issue, and is found guilty, judgment shall be given against him before the trial of the other.  The Louisiana case holds that a judgment against one indicted for a riot with three co-defendants, and "divers other persons unknown" will not be arrested because his co-defendants were found "not guilty." *Non constat,* but he may have been guilty of a riot with the persons unknown.

It was held in *People* v. *Olcott* that where one of three persons, engaged in a conspiracy died before trial, and another was acquitted, the survivor might be tried and convicted.

*State* v. *McDonald* was a case where the indictment charged that McDonald and another, "together with divers other persons, to-wit, to the number of five," had committed the crime of riot.  A motion in arrest of judgment was made "simply on the ground that the names of the others *should have been given*, or, if unknown, that fact should have been expressly stated." In South Carolina a riot could not be committed by less than three persons, and the court sustained the objection taken to the indictment, holding in effect that the names of the "others" should have been given, or their names declared to be unknown. We so understand that case.  It is true the reporter states the indictment was against the defendant and *two* others, charging that they "together with other persons," etc.  But it is also stated that the grand jury found a true bill against the defendant "and one other only." If the statements could be construed to mean that the two indicted were charged to have committed the riot with a third person *named,* "together with others," etc., the objection to the indictment would not have been sustained, because the name of a third person was given.

In the last case the court said: "The names of third persons, if they are necessary to the constitution of the offense, or constitute a necessary part of its description, should, if known, be *inserted.*" In a note the compiler adds: "If several be indicted for a riot, and the jury acquit all but two, they must acquit them

LXVII. CAL. — 27.

also, unless it be charged in the indictment that these committed the riot, together with some other person *not tried on that indictment.*" (But to prevent misapprehension, see Penal Code of California, § 404, which makes it possible for *two* persons to create a riot.)

It has sometimes been said that if an indictment charges a conspiracy against a defendant committed with a person unknown, and the third person was in fact known, the prisoner must be acquitted. (*State* v. *McDonald, supra;* Chitty's Criminal Law, 212.)

But in *People* v. *Mather,* 4 Wend. 230, 21 Am. Dec. 122, it was held that if the co-conspirators are stated to be unknown, the indictment is good, even although the names of the co-conspirators must actually have been known to the grand jury.

We have endeavored to go over carefully all the cases cited by respondent or by the writers to whom he has referred. Of course it is possible that we have failed to notice isolated expressions in the opinions of judges which might be deemed to favor the view of counsel, but we are not conscious of having overlooked such expressions. In no one of the cases however was it decided that an indictment against one charged as a conspirator was defective because the name of the third person, with whom the defendant was charged to have conspired, was given in the indictment. If there were no precedents for an indictment or information against one in which he was charged with another named person, the respondent would be entitled to the benefit of any inference which could fairly be drawn from that circumstance. But when a case is only new in instance, but not new in principle, the mere failure to discover a precedent in which the principle was applied to exactly the same facts is of little weight or consequence. (*Pasley* v. *Freeman,* 3 Term Rep. 63; *Ashby* v. *White,* 1 Smith's Leading Cases, Hare and Ws. notes, 440, 441.) And as we have seen the styling one as "Unknown" has been held sufficient, although the name of the person was in fact known to the grand jury. (*People* v. *Mather, supra.*) This must be construed to be an adjudication that a grand jury is not bound to join as defendants in one indictment all those who are known to them to have joined in the same conspiracy.

Clearly the information states facts (assuming that the nature of the conspiracy itself is sufficiently averred) which show that

the defendant has been guilty of the offense.  It requires two to conspire, but if two have conspired each is guilty of the conspiracy.  True if the name of one is unknown, his name cannot be inserted in the indictment.  But where such person is designated as "unknown" a particular individual is thus indicated; he is the person who is alleged to have joined with the defendant in the acts constituting the conspiracy.  It is difficult to understand upon what ground the defendant can complain if the alleged co-conspirator is more distinctly identified by giving his name.  As was said in *People* v. *Mather,* "an indictment should contain so much certainty as clearly to designate not only the particular kind of offense, but the specific criminal act for which the accused has to answer."  But there and elsewhere it has been held that the defendant was sufficiently informed of the person with whom he was accused of conspiring when such person was charged to be unknown.

The alleged co-conspirator not indicted is a "third person," whose existence is necessary to the completion of the offense, and who must always be described with reasonable certainty; as in robbery, the person robbed; in larceny, the person whose property is alleged to have been stolen.  In case of conspiracy there must have been another person without whose co-operation the defendant informed against could not have committed the crime.  Such person must be identified by name or otherwise in such manner as that the defendant may know with what offense *he* is charged.

It may be urged that there is a species of injustice in selecting for prosecution one of two averred to be equally guilty, when for aught that appears both might have been prosecuted.  But is this a matter of which the single defendant ought to be permitted to complain?  As we have seen it has been held that where two are indicted one may be prosecuted to judgment before the trial of the other.  We need not here consider the consequences in case the other shall subsequently be acquitted.  We are asked to assume that both are within the jurisdiction of the court, because the information does not affirm that the conspirator died before the filing of the information, or that he had withdrawn from the State.  Even if this should be conceded, we cannot see why this should relieve the defendant from pleading

to an information which gives him full notice of the facts, which if they exist, establish *his* guilt of the offense.

Counsel for respondent says : ." There must be two men at least *convicted* (subject .to the exception as .to death, etc.) before the conspiracy .is established," citing *Dreux* v. *Domec.* 18 Cal. 83 ; *Commonw.* v. *Cobb et al.* 14 Gray, 57 ; 2 Russell on Crimes, p. 490 ; *State* v. *Buchanan,* 5 Har. & J. 317.; 9. Am. Dec. 534 ; Wharton's Crim.. Ev. 8th ed. p. 392 ; Barbour's Crim. Law, p. 248.

Russell at the page referred to treats of "forgery." .Wharton .at the page referred to treats of the competency of the wife of one defendant to.be a witness against another defendant. . *Dreux* v. *Domec.* 18 Cal. 83, .was an action for malicious prosecution. We are unable to see what bearing *Commonw.* v. *Cobb et al.* 14 Gray, 57, has. upon the proposition. of. counsel, and except that *State* v. *Buchanan,* 9 Am. Dec. 534, was a prosecution for conspiracy, that case seems to have no relation to the proposition here asserted.

None of the cases last cited are to the point that the conspiracy cannot be established *as against the one indicted* who is charged to have conspired with another not indicted.

Barbour in his Criminal Law, p. 248, speaks of conspiracy, but seems to add nothing to what has already been said with respect to the precise point under consideration.

In *Adams* v. *The People,* 9 Hun, 89, the indictment charged that Adams, the sole defendant, "conspired with one Lamb" to defraud. Lamb had been previously convicted of the same offense, but this did not appear on the face of the indictment, but was only shown as a fact when Lamb was offered as a witness for the prosecution. The court held him competent as he had been convicted of a misdemeanor, not of a felony. Adams was separately indicted, tried and convicted. No objection was taken to the indictment by demurrer or in arrest of judgment. .

.We are not, however, without the authority of adjudications directly sustaining the course pursued by. the district. attorney .in the present case. In *Heine* v. *Commonw.* 91 Pa. St. 145, Heine was charged with having "with one Henry Weile conspired" etc. The objection was taken that Heine alone was .charged. The court said it is strictly true that a conspiracy is .in its nature joint, and that one alone cannot be guilty of the

offense: "Nevertheless one of two or more conspirators may be separately indicted, tried and convicted. (3 Chitty's Criminal Law, § 1141.) Therefore, that Weile has not been indicted with Heine can make no difference, if it sufficiently appears from the record that he was a confederate."

In *United States* v. *Miller*, 3 Hughes C. C. 553, the information charged a conspiracy by three persons, Miller, Lee, and Gettslick. Lee was dead, and Gettslick was already under conviction " for an act committed· in furtherance of the conspiracy charged." The learned judge said: "It is not the practice of the government to prosecute any person to conviction for more than one of the same *series of offenses.* Hence, *there is no indictment here* except against Miller. . . . . The particular question arising on demurrer, therefore, is will an information against him alone lie without joining Gettslick. . . . . As there may thus be a severance in the trial, in the verdict and in the judgment, we may conclude there may also be a severance in an indictment for a conspiracy, unless there be some reason peculiar‘ to such an indictment plainly making the several proceedings improper. I can see no such reason. It will not do to say that because two at least must be convicted of a conspiracy, and that one person who should be the only one convicted must be discharged, therefore two at least must be joined in the indictment. But that same reasoning would forbid the severance of the trial, and deprive any one of his right to be tried alone. If it be conceded that there may be a severance in trial of persons jointly indicted for a conspiracy, it follows, as far as· the reason just alluded to is concerned, that there may likewise be a severance in the indictment. Some of the text-writers say (*arbitrarily*) that indictments for conspiracy must be joint; but they give no reason, other than the one just stated for their proposition, and it is difficult to find a reason. I do not think any sufficient reason exists."

The learned judge then proceeds·to examine *United States* v. *Cole, People* v. *Matthew, Rex.* v. *Kinnersley,* and *Rex.* v. *Nichols,* 13 East, 412. He finds nothing in those cases which would prohibit the indictment of one of two known conspirators.

Our conclusion upon the point is that the information is not insufficient, because it is against a single defendant, and the *name.*

is given of the person with whom he is charged to have conspired. In addition to the objections above considered, respondent claims that no crime is charged, inasmuch as a conspiracy to compel one to sign a bank check and then to take it from him by force is not " a conspiracy to rob." " Robbery is the taking of personal property from the person of another by means of force." (Pen. Code, § 211.) "Personal property" includes things in action and evidence of debt. (Pen. Code, § 7.) It is a *conspiracy* to rob, even although the conspiracy include an agreement to compel the making of the checks which are to be taken by force from the person. It is part of the unlawful agreement that a robbery shall be acccomplished.

Judgment reversed and cause remanded with direction to the court below to overrule the demurrer and to require the defendant to plead to the indictment.

MORRISON, C. J., MYRICK, J., ROSS, J., and THORNTON, J., concurred.

McKEE, J.; concurred in the judgment.