State vs. Slutz.

------

## No. 14,004.

STATE OF LOUISIANA VS. THOMAS J. SLUTZ.

### SYLLABUS.

1. A conspiracy is a combination of two or more persons to do something unlawful, either as a means or as an ultimate end.

2. Whilst the convenient and usual course is to prosecute all the conspirators, who are within reach, at the same time, it is not legally incompetent to prosecute them separately, and, in such case, the charge that the particular defendant brought before the court has conspired *with* the others, whose names are given, is not open to the objection that it amounts to charging him with conspiring by himself, but means that there was a common agreement and a common purpose, without which there would be no conspiracy.

3. In prosecutions under Section 5 of Act No. 8 of 1870 (extra session), it is sufficient to describe the crime of burglary by its name, where the offence charged is conspiracy to commit that crime; and the word "burglarize" may be used as the equivalent of the words "commit burglary," as used in said statute.

APPEAL from the Eighteenth Judicial District, Parish of Acadia— DeBaillon, J.

------

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellant.

------

*David Todd,* for Defendant, Appellee.

The opinion of the court was delivered by

Monroe, J.   Defendant was prosecuted and convicted upon an information drawn in the following terms (omitting such portions as are not involved in the issues to be determined), to-wit:

"Be it remembered that William Campbell, district attorney in and " for the Eighteenth Judicial District of the State of Louisiana, now " comes  *  *  *  and gives this Honorable Court to understand and " be informed, that one Thomas J. Slutz, of the parish aforesaid, on the " 14th day of December, A. D. 1900, did conspire with one Frank " Abbott and one Kirkendoll to burglarize the dwelling house of one " David Meaux, contrary to the form of the statute, etc."

The defendant excepted to the ruling of the trial judge in admitting certain evidence, and in refusing certain special charges, and, a motion for new trial filed on his behalf having been denied, excepted to such denial.   He, thereafter, through his counsel, filed a motion in arrest of judgment, which was sustained, to, and from which, last mentioned, action of the trial judge, the State excepted and appealed.   The only questions brought up by the appeal, therefore, are those presented by the motion in arrest, which reads as follows, to-wit:   "Defendant " moves the court to arrest the judgment herein:

"1.   Because the indictment herein does not charge a conspiracy, " for which defendant has been convicted.

"2.   Because such indictment is so drawn that it only accuses one " man, the defendant, Slutz, of wilfully and feloniously conspiring, " and one man cannot conspire by himself.

"3.   Because the indictment does not charge the defendant, Tom " Slutz, and Frank Abbott and Kirkendoll (the latter two mentioned in " the indictment of (with) conspiring *together* to commit the crime of " burglary, or that they conspired *together* for any purpose, or joined " at all in the intent or for the object set out).

"4.   Because the indictment does not charge that there was a con" spiracy to commit any crime known or defined by law; because the " allegation that the defendant conspired with Abbott and Kirkendoll " to *burglarize* the house mentioned is not a legal charge, or sufficient " charge, that the accused and the persons named conspired together to " break and enter the said house, and the will or design to commit " burglary is not set out as the law requires, and said indictment is " void and cannot be a basis for a judgment herein."

"Conspiracy" is said to be an offense known to the ancient Common

Law, antedating the statute of Edward I; the most widely recognized definition of which declares, "a criminal conspiracy to consist of a "combination between two or more persons for the purpose of accom- "plishing a criminal, or unlawful, object, or an object neither "criminal nor unlawful, by unlawful means; or, as it has been more "concisely expressed, 'the combination of two or more persons to do "something unlawful, either as a means or as an ultimate end." Enc. Pl. & Pr., pp. 823-833. In this State, it is made a statutory offense, when entered into for the purpose of committing certain specified crimes, among which is the crime of "burglary." The lan- guage of the statute declares, "That whoever shall conspire with "another person, or persons, to commit or procure the commission of "the crime of murder, rape, robbery, burglary, arson, perjury, or "forgery, upon conviction thereof, shall be imprisoned," etc.

Section 5, Act No. 8, Extra Session of 1870.

"Conspire" is a word in common use, which, necessarily, carries with it the idea of agreement, concurrence, and combination, and hence, is inapplicable to a single person or thing. And, when one person is charged with conspiring *with* another, there are no words in the English language by which the idea of the action and co-operation of two minds could be more effectively conveyed, since one cannot agree or conspire with another who does not agree or conspire with him. The defendant is not charged with conspiring with himself, alone, but with conspiring with two other persons, whose names are mentioned. And, whilst it is true that the term "conspiracy," and likewise the terms "combination" and "confederacy," imply the necessity for, at least as many as two persons, to constitute the offense, and "the authorities concur that conspiracy is a joint offense and cannot be com- mitted by one alone," (Am. & Eng. Enc. of Law (2 ed.), Vol. 6, p. 846), it is equally true that all of the conspirators, whether known or unknown, need not be prosecuted at the same time, but, an indictment charging a person, named, with having conspired with other persons, unknown, or with other persons whose names are given, but who are not joined as defendants, is good.

We find the following paragraph applicable to the subject in Bishop's New Criminal Procedure, Vol. 2, to-wit:

"225. *More conspirators than one,* in the one combination may, of "course, be jointly indicted. And not generally will the court direct "that they be separately tried. But if one of the two dies, the living

" one may be indicted and tried, and it is the same of a known con-
" spirator, where the other one is unknown. Probably it is competent
" to indict known and arrested conspirators, separately, while yet the
" judge might interfere to prevent a procedure so inconvenient and
" unusual. Where one is separately charged, it must be averred that
" another or others conspired with him; one form being that the defend-
" ants conspiracy was 'with divers other persons, to the jurors
" unknown.' "

See also Enc. Pl. & Pr., Vol. 4, pp. 709 and 710.

A more serious question, perhaps, presents itself when we come to
consider what the defendant is charged with having conspired to do.
The information reads, "to burglarize," etc. It is urged on behalf of
the defendant that the words "to burglarize" are insufficient to express
the offense sought to be charged; *first,* because it is not the language of
the statute denouncing and defining said offense; and *second,* because
the acts constituting the crime which defendant is charged with having
conspired to commit should have been set forth specifically.

As to the first proposition, the word "burglarize" is now defined by
standard English dictionaries to mean "to commit burglary upon," and
is, therefore, the exact equivalent, in meaning, of the language of the
statute. Whether the conversion of nouns and adjectives into verbs,
by the addition of the suffix, *ize* improves the language may be doubted,
though certainly such words as *macadamize, localize, particularize,* etc.,
are not without their uses. It is, however, well established in criminal
jurisprudence that words of equivalent meaning may be substituted in
an indictment for those of the statute under which such indictment
is found. State vs. Eames, 39 Ann. 986; State vs. Brown, 41 Ann.
345; State vs. Lewis, *Ib.,* 593; State vs. Watson, *Ib.,* 598; State vs.
Washington, *Ib.,* 778.

The second proposition has, no doubt, considerable support among
both text writers and jurists, and, in Indiana, the jurisprudence is
settled to the effect that the crime which the accused is charged with
conspiring to commit must be set forth. in the indictment with the
same particularity as though he were being prosecuted for that crime.
We are of opinion, however, that the weight of reason as well as of
authority sustains the view that under a statute such as the one by the
authority of which the defendant is prosecuted, the gist of the offense
denounced is the conspiracy, and that the charge, framed in the
language of such statute, or in words of equivalent meaning, that the

defendant has conspired with other persons named to commit a crime specified therein, and, elsewhere, and in other statutes, denounced and defined, is sufficiently intelligible to put him on his defense. In State vs. Kelly, 25 Ann. 381, it was held that it was not necessary that an information charging the defendant under R. S. 854, with having entered a vessel in the day time, with intent to steal, should specify and describe the precise article which he intended to steal. The court said: "The offense consists in the prisoner having entered a vessel in "the day time with intent to steal, and the indictment is drawn up in "accordance with the statute upon this subject. * * * The law "does not say that the precise article which he intended to steal shall "be described. Indeed, this would be impossible." And in State vs. Jean Gay, Fils, *et als. Ib.* 472, it was held that an indictment charging the defendants with breaking and entering, in the night time, with intent to commit rape, need not set forth the common law ingredients of the latter crime, "with intent to commit which the said offense of burglary was charged."

Mr. Bishop says, among other things, on this subject: "If the con- "spiracy is to do what would be indictable, were it done by one, alone, "all hold that the contemplated means need not be set out. Still, the "instance must be particularized and the like, according to rules "already laid down. It seems to be sufficient, within this requirement, "to describe the proposed offense simply by its name, with the name "of the person to be injured thereby. When it is not known by any "name, its constituents must be stated. And there may, probably, be "named offenses which should be more minutely identified."

Bishop's New Cr. Pr., Sec. 218, Vol. 2.

We, therefore, conclude that the motion in arrest should have been denied. It is accordingly ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded to be proceeded with according to law.

Rehearing refused.