The People of the State of Illinois, Defendant in Error, v. John Dewey, Plaintiff in Error.

Gen. No. 34,362.

Heard in the second division of this court for the first district at the June term, 1930. Opinion filed December 16, 1930.

EUGENE McCAFFREY and ARNOLD V. HARRIS, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, for defendant in error; EDW. E. WILSON and JOHN HOLMAN, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

The jury found defendant, John Dewey, guilty of conspiracy and fixed his punishment at imprisonment in the county jail for the term of one year. A motion for a new trial was entered but it was afterwards withdrawn by defendant and judgment was entered on the verdict. Defendant has filed in this court only the common law record.

The indictment consisted of five counts. A nolle was entered as to the second and third, and later the State's Attorney elected to stand on the fourth and fifth counts. The fourth charged, in substance, that John Dewey, William Begley, Howard Hulburt and John Dobbins did unlawfully, etc., conspire, etc., "with each other, *and with divers other persons whose names are to said Grand Jurors unknown,*" with the fraudulent and malicious intent to unlawfully, etc., threaten to accuse Jean B. Hassewer of a crime, towit, counterfeiting, said defendants intending by said threat to extort from Hassewer a large sum of money, towit, $1,000, contrary to the statute, etc. The fifth count is substantially the same as the fourth save that it charges that the defendants intended by the threats to extort from Hassewer $600 and two checks and orders for the payment of money of the value of $200. On motion of the State's Attorney the trial court entered an order "that said defendant, John Dewey, do have a separate trial in this cause." Thereafter, upon his plea of not guilty, he was tried alone. He insists that the severance was granted over his objection, but as there was no bill of exceptions filed we cannot so assume. Nor can we assume that the trial court abused its discretion in granting the severance or that defendant was in any way injured by reason of the same. Defendant contends that as he alone could not commit the offense of conspiracy that after verdict the trial court should have suspended judgment against him until it appeared that one or more of the other defendants had been convicted of the charge. The only case that defendant cites, or could cite, that tends in any way to support his contention is *Casper v. State,* 47 Wis. 535. In that case an information was filed against Charles Casper, Peter Bellinghausen and Henry G. Phillips and thereafter the motion of Bellinghausen and Phillips for a change of venue was granted and the cause

as to them was removed from the municipal court to the circuit court. Casper was then tried alone in the municipal court and convicted. The Supreme Court held that where several persons are prosecuted together for a crime which one, or other limited number only, cannot commit (like conspiracy or riot), and are taken and may be brought to trial, and, on separate trials, verdicts go against a number who are not capable in law of committing the crime charged, judgment against those found guilty should be suspended until the number necessary to the crime are convicted, those already found guilty being meanwhile held in custody or under recognizance, and when verdicts are found against the number necessary to the crime, judgment should go against them, but if a sufficient number are not convicted, those against whom verdicts have been found should be discharged. It was said that if the co-defendants of Casper were subsequently tried and acquitted, such acquittal would be inconsistent with the conviction of Casper, who had been tried alone, and should operate in law to acquit him also. The court cited no case in support of its position, and admitted that the common law rule is contrary to the one it announced. In the Wisconsin case the information charged that defendant Casper and two codefendants conspired, etc., but there was no allegation that other persons whose names were unknown conspired with them, and it appears, from the opinion, that there was no contention by the prosecution that any person not specifically named in the information was engaged in the alleged conspiracy. The theory of the decision was that until one, at least, of the codefendants had been convicted the prosecution had not established that the conspiracy charged had in fact been committed. Even if it could be held that this decision announced a correct principle of law, it would avail defendant in the instant case nothing. The indictment in question, un-

like the information in the *Casper* case, alleges that the
three defendants named, "with divers other persons
whose names are to said Grand Jurors unknown," con-
spired, etc., and the evidence may have shown that
Dewey conspired with one or more persons whose
names were to the grand jury unknown. Moreover, in
the Wisconsin case it appears that after Casper had
been found guilty he moved in arrest of judgment on
the ground that he was the only one of the defendants
that had been found guilty. In the instant case, the
record discloses that defendant made no such motion,
but on the contrary he withdrew his motion for a new
trial, thereby, in legal effect, conceding that there was
no good reason why judgment should not be entered
against him. Moreover, there is nothing in the record
from which it could be presumed that the codefendants
Begley, Hulbert and Dobbins have not been convicted
of the charge. The rule announced in *Casper v. State,
supra,* however, is contrary to the common law and the
law followed in other states of the Union. The fact
that the crime of conspiracy cannot be committed by
one person does not prevent one person from being
found guilty of such crime if the conspiracy charged
is proven and that the one person tried participated
therein. One person may be found guilty under an in-
dictment charging him with having conspired with per-
sons unknown to the grand jury. (*People v. Mather,*
4 Wend. [N. Y.] 229; *State v. Slutz,* 106 La. 182.)
Even though all of the conspirators are known, each
of them may be indicted and convicted separately.
(*People v. Richards,* 67 Cal. 412; *State v. Slutz, supra;
Heine v. Com.,* 91 Pa. St. 145.) In such a case a judg-
ment of conviction may be pronounced against one be-
fore the trial of the others. (*Rex v. Kinnersley,* 1
Stra. [Eng.] 193; *Reg v. Ahearne,* 6 Cox C. C. [Eng.]
6; *Eacock v. State,* 169 Ind. 488; *Bradshaw v. Terri-
tory,* 3 Wash. Ter. 265.) Where two are indicted one

may be prosecuted to judgment before the trial of the other. (*People v. Richards, supra.*) In *Bradshaw v. Territory, supra,* Bradshaw and two others were indicted for conspiring with a fourth person to defraud, etc. Bradshaw was tried alone. The fourth person was excluded from the indictment in order that he might give evidence for The People. After Bradshaw had been found guilty there was a mistrial of his two codefendants and the indictment was then dismissed as to them upon motion of the prosecuting officer. The judgment against Bradshaw was affirmed. The fact that one of two conspirators secures immunity by becoming a witness for the prosecution does not prevent the conviction of the other, even though there were no other persons in the conspiracy. (*Weber v. Com.* [Ky.], 72 S. W. 30.) In *Com. v. Edwards,* 135 Pa. St. 474, the indictment charged that Edwards, Farrell and divers other persons whose names were to the jurors unknown, conspired, etc. When the case was called for trial a plea of guilty was entered by Farrell and a plea of not guilty by Edwards. On the trial of Edwards the jury returned a verdict of not guilty and ''that the prosecutor, T. A. Long, pay the costs.'' The finding against the prosecutor was apparently based upon a statute. After verdict the prosecutor moved to set aside that portion of the verdict directing him to pay the costs, but the court sentenced him to pay the costs of prosecution upon the theory that the acquittal of Edwards rendered Farrell's plea of guilty a nullity. The prosecutor appealed. The Supreme Court, in its opinion, stated that ''if a nolle prosequi had been entered as to Edwards, the indictment, and Farrell's plea to it, would have supported a judgment against him. . . . Edwards might well be innocent of the crime charged in the indictment, and Farrell be guilty of conspiracy with divers persons whose names were to the grand jurors unknown. An acquittal of the former

cannot, therefore, be held to establish the innocence of the latter.'' The judgment against the prosecutor was reversed. In *State of Louisiana v. Egan,* 10 La. Ann. 698, the indictment charged that Egan and three codefendants, together ''with divers other evil disposed persons to the number of ten or more to the inquest aforesaid as yet unknown,'' were participants in a riot. On the trial Egan was found guilty and his three codefendants were acquitted. On the appeal Egan urged that the judgment should have been arrested because he alone was found guilty of the riot and that one person cannot commit a riot, but the court held that although his three codefendants had been acquitted that fact did not ''render it impossible for the appellant to be found guilty of a riot in company with the unknown persons. 2 Hawkins P. C. 626; *Rex v. Scott,* 3 Bur. 1262; Wharton's Crim. Law, 726; 3 Arch. 590,'' and the judgment as to Egan was affirmed. One of three persons who are indicted for conspiracy may likewise be convicted notwithstanding the death of the second and the acquittal of the third. (*People v. Olcott,* 2 Johns. Cas. [N. Y.] 301.) In the instant case the verdict found defendant Dewey guilty of conspiracy in manner and form as charged in the indictment, and we must assume, in the absence of a bill of exceptions, that the verdict of the jury was sustained by the proof, and for aught that appears in this record the trial court did not commit error in entering judgment upon the verdict. The judgment of the criminal court of Cook county will be affirmed.

*Affirmed.*

GRIDLEY and BARNES, JJ., concur.