DREUX, Respondent *v.* DOMEC *et als.*, Appellants.

In suit against three defendants for malicious prosecution, the complaint averred that "defendants contriving and maliciously intending to injure the plaintiff," etc., falsely, maliciously and without probable cause, procured him to be indicted for murder: *Held*, that the complaint sufficiently avers a joint agency on the part of defendants in instituting the prosecution.

An action for malicious prosecution lies against several defendants, and the gist of the action is the malicious prosecution, and probably the cause of action is complete before acquittal.

An action of conspiracy for unjustly prosecuting a party also lies, but probably differs in form at least from an action for malicious prosecution. The gist of an action of conspiracy is the "conspiracy"—the combining of two or more to do an unlawful and injurious act, and acquittal or termination of the prosecution is necessary to maintain the suit.

In an action for malicious prosecution, only the substantial matter constituting the action, that is facts, and not the evidence of facts, need be set out.

In this case defendants filed a general denial, and also averred that they had nothing to do with the prosecution except as witnesses. Plaintiff filed a replication taking issue on this averment: *Held*, that if plaintiff chose to consider this a good defense and join issue on it, defendants cannot complain—though, probably, this matter was put in issue by the general denial and the replication was unnecessary.

In an action for malicious prosecution, plaintiff, to show malice, may introduce the docket and proceedings before the Justice of the Peace, and show what the defendants—who had plaintiff arrested for assault with intent to kill—there did and swore to.

Where the objection to the introduction of testimony was in general terms that it was irrelevant, the objection will not be considered in the Supreme Court, if the testimony could, under any possible circumstances, have been relevant.

The instructions in this case were correct, and there was no error in refusing the nonsuit as to one of the defendants, or in refusing first to submit to the jury the question of his complicity with the view to his being a witness for his co-defendants, if he were acquitted.

Appeal from the First District.

Action for malicious prosecution. The complaint avers that defendants Domec, Leude and Carmel " contriving and maliciously intending to injure the said plaintiff in his good name and reputation, and to cause him to be imprisoned," etc., and " wholly to ruin him," " falsely and maliciously and without any reasonable or probable cause indicted, and caused and procured to be indicted, one Charles Leboubon and this plaintiff," for an assault with intent to

murder said Domec ; and that they also prosecuted said indictment in the Court of Sessions, where after a jury trial plaintiff was acquitted.

Defendants demurred to the complaint on the grounds—1st, that it did not show how defendents " procured plaintiff to be indicted;" and 2d, that it was defective as to parties in not stating facts showing any joint liability of all the defendants. Overruled and answers filed setting up : 1st, a general denial ; and 2d, the facts that defendants did not ·prosecute plaintiff any further than to appear before the grand jury and the Court of Sessions and give their testimony in obedience to subpœnas.

To this second branch of the answer, plaintiff filed a replication averring that the defendants procured themselves to be subpœnaed by reason of their false testimony given before the committing magistrate, and owing to their false representations made to the District Attorney. To this replication defendants filed their demurrers, which were overruled.

It seems that in March, 1860, Domec and Leude, two of the defendants, appeared before Peterson, a Justice of the Peace, and Domec made a sworn complaint against plaintiff Leboubon and one Alexander Dreux, accusing them of an assault upon him with intent to commit murder.

These parties were arrested, and upon their examination the three appellants, with but little variation, testified that a little before sunset on one Sunday evening the accused parties went to the house on the rancho of Domec, while appellants were at the corral ; that hearing the cries and shrieks of women and children, they, the three appellants and an Indian, advanced to the house, when the accused parties met them—the respondent and Leboubon in advance, while the third man, Alexander, remained far behind ; that the respondent immediately struck Leude, one of the appellants with a club, and that then Leboubon and the respondent drew their pistols, presented them at Domec, saying that they had come to kill him ; that Domec fled, the respondent and Leboubon pursuing him snapping their pistols, which were six-shooters, or perhaps one a five-shooter, at him, and that Domec only escaped by reaching the mountains and hiding in the bushes.

Dreux *v.* Domec.

Leude, one of the appellants, testified to hearing the threats against the life of Domec and to seeing the pistols of the two parties, but could not testify to anything after the blow he received, which he said stupefied him; and Carmel and Domec, the other two appellants, substantially testified as above.

These three appellants were called before the grand jury that found the indictment, and were again called in the Court of Sessions upon the trial, where they substantially testified to the same facts.   None of them, however, criminated Alexander, and he was discharged by the Justice.

In order to show want of probable cause and malice, it was proven on behalf of the respondent that he was working about a mile from Domec's house; that on the Sunday evening in question, he, Leboubon and Alexander left their house unarmed, dressed in flannel shirts, leaving their pistols in their own house, and went down to visit the wife of Leboubon, who lived in a house a few yards from the house of Domec; that the parties met as testified by appellants; that Leude advanced with a riata, swinging it as if about to strike the respondent, when the respondent struck him with a small stick; that thereupon Domec and Carmel, the appellants, ran away; that they were not pursued; that no threats were made, and no pistols drawn or snapped.

It was further shown by a witness of appellants, that after the affray the respondent and his companions were at his house, which is also within a few yards of Domec's, and that they had no pistols.

In addition to this, it was shown that Domec had paid a man twenty dollars to go before the grand jury to act as interpreter, and also to sit in Court and see that the interpretation was correct; that Leude confessed that his testimony was influenced by Domec, and that Carmel had repeatedly said, subsequent to the trial, that Domec had paid him to swear as he did; that Domec exhibited otherwise much interest in the prosecution.

The appellants further brought out the fact that there were unsettled accounts between Leboubon and Domec, which resulted in a lawsuit commenced after the alleged murderous assault, and it was shown that after the acquittal of the parties Domec compromised the demand by paying a part of it.

Dreux v. Domec.

Upon the trial plaintiff called Peterson, the Justice of the Peace, and offered to prove by him the proceedings had on the arrest of plaintiff, what the present defendants then swore to, etc.; and also offered in evidence the docket of the Justice with the affidavit of Domec. Defendants objected on the ground of irrelevancy and illegality. Overruled, defendants excepting.

After plaintiff rested, defendants moved for a nonsuit on the ground that no case had been made out, and the motion being denied, Domec and Carmel then moved that the Court submit the case of Leude separately to the jury, and instruct them that no cause of·action had been shown against him, with the view to make him a witness for his codefendants. Denied, and exceptions taken.

The Court instructed the jury as follows :

1st. If the jury believe from the evidence that the defendants knew of their own proper and personal knowledge, that the plaintiff was not guilty of an assault to commit murder upon the defendant, Pierre Domec, and that notwithstanding such knowledge they falsely and knowingly testified before the committing magistrate, the grand jury and the Court of Sessions, that .the plaintiff was guilty of an assault, or .of facts going to establish his guilt, that then the law adjudges the prosecution of plaintiff to be without probable cause.

2d. If the jury believe the defendants, or any of them, testified in such a manner as to procure the indictment of the plaintiff only in obedience to subpœnas issued and served, that such fact will not be a justification to the defendants, or any of them, if the jury should believe that this testimony was knowingly false and un· founded.

3d. If the jury believe the defendants prosecuted plaintiff maliciously and without probable cause, they are at liberty in assessing the damages to go beyond the actual injury sustained, and give exemplary damages.

4th. The jury must believe that defendants prosecuted without probable cause and with malice ; but they may presume malice in defendants from the want of probable cause if, from the whole testimony of the case, they believe there was malice.

5th. If the jury believe from the evidence that the defendants

prosecuted plaintiff maliciously and without probable cause, and that the defendants, at the time of the prosecution, knew that the plaintiff was innocent, that then they should find damages for plaintiff.

Verdict for plaintiff—$2,250. Judgment accordingly, motion for new trial overruled, and defendants appeal.

*J. A. McDougall*, for Appellants, cited 2 Chitty, 607, 612; Comyn's Dig. 1, 342; 2 Viner's Abr. 18.

*J. L. Brent*, for Respondent.

I.   The complaint follows Chitty's form.   (See also *Dubois* v. *Keats*, 39 Eng. C. L. 108.)   It was not necessary to set out the manner "of procuring the indictment," because this would be to state the evidence.   The complaint states the joint liability of defendants by averments general to the three defendants, and there can be a joinder of several defendants in an action for a malicious prosecution.   (1 Chitty's Pl. 85.)   It was unnecessary to aver and prove a conspiracy.   The authorities cited by appellant, Comyn and Viner, relate to a "writ of conspiracy," which was the ancient mode of proceeding, but has been abandoned and case substituted. (1 Chitty's Pl. 133; *Thomas* v. *Rumsey*, 6 Johns. 31.)   If two persons can jointly engage in a malicious prosecution, they can be sued for the act itself and not for a conspiracy to commit the act.

II.   The proceedings before the Justice were admitted both to show the fact that defendants procured the prosecution of the indictment and also to show malice.   (2 Stark. Ev. 677–8, n. c. d.; *Dubois* v. *Keats*, 11 Adol. & E. 329.)

III.   The replication of plaintiff set up no new matter not responsive to defendants' answer.   They plead that they attended before the grand jury and before the Court of Sessions, and testified in obedience to legal process, and that their appearance or testimony as aforesaid were the only acts that plaintiff complained of. The plaintiff replied that by the separate, false and malicious representations of each of them, they and each of them caused and procured themselves and himself to be subpœnaed; and that their appearance and testimony as aforesaid were not the only acts that the plaintiff complained of, etc.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was a suit for a malicious prosecution. Several defendants are charged, the complaint averring that the defendants, contriving and maliciously intending to injure the plaintiff, etc., procured him to be indicted. The complaint seems to follow the precedent of Chitty in cases of a similar cause of complaint against a single defendant. A demurrer was interposed, among other grounds, because no averment is made of any joint agency on the part of the defendants in instituting this prosecution. The demurrer was overruled.

It is well settled that this action for malicious prosecution will lie against several defendants. It is argued, however, that a conspiring must be averred. It is true, that an action lies for a conspiracy unjustly to prosecute a defendant; but we apprehend that this action is somewhat different, in form at least, from an action on the case for a malicious prosecution. The gist of this action is the malicious prosecution; that of the other is the conspiracy—the combining of two or more to do an unlawful and injurious act. In the first case, we apprehend the cause of action is complete before an acquittal; in the other, the acquittal or termination of the prosecution is necessary to enable the plaintiff to maintain the suit. But, however this may be, we think that it would be holding the rule to unnecessary strictness to hold that the defendants are not sufficiently and clearly charged with a joint act, when but one general offense is charged, and this averred to be committed by all with the same unlawful motive, and that they all contrived to effect it.

2. Nor is it maintainable that the facts whereby this unlawful prosecution was effected or carried on were not more particularly set out. It is not necessary to give the evidence of facts, but only the substantial matter which constitutes the action. The rule was fully given in Green v. Palmer (15 Cal. 411).

3. The answer having set up that the defendants had nothing to do with the prosecution, except that they were summoned as witnesses, etc., probably no replication was necessary to put in issue

this matter—which was only matter of more particular denial of the charge, and was already covered by the general denial; but if the plaintiff chose to consider this a good defense and join issue on it, we do not perceive that the defendant has any cause of complaint.

4. The objection to the introduction of the proceedings of the Justice's Court is the next error assigned. We do not understand that this proof was introduced as a substantive ground of damages, but merely as proof tending to show malice. On an inquiry into the conduct of the defendants in reference to this whole matter, and their agency and relations to the plaintiff, the evidence was, or might have been, admissible. At all events, no specific objection seems to have been interposed, and we cannot consider the objection, if it could, under any possible circumstances. have been relevant.

We see no objections to the instructions, nor to the verdict, nor the refusing to grant the nonsuit as to one of the defendants, or to submit the question to the jury as to his complicity. But it is not necessary to go into further detail, as the questions have either been decided before, or are without difficulty.

Judgment affirmed.