FINLEY, *Appellant,* v. ST. LOUIS REFRIGERATOR &᾽ WOODEN GUTTER COMPANY *et al.*

1. **Illegal Arrest, Action for : DEFENSE.** Plaintiff cannot recover in an action for illegal arrest, where his own evidence shows that the arrest and imprisonment were made in due course upon regular proceedings of a court having complete jurisdiction of the offense charged.

2. ———— : ————. Where the finding in such case is for the defendant, the supreme court will not review the instructions.

3.  **Malicious Prosecution**: EVIDENCE. Where in a count of a petition for malicious prosecution, the plaintiff charges, as an element of damages, injury to his good name and reputation in his business as a carpenter and builder, he cannot complain of the admission of evidence on defendant's behalf to the effect that he was not of good business credit and repute.

4.  ————. It is not essential to a recovery by plaintiff in an action for malicious prosecution that he show that defendant commenced and continued the prosecution maliciously; if it was so commenced or continued it is sufficient.

*Appeal from St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*E. F. Stone* for appellant.

(1) The court erred in refusing plaintiff's instruction number 10 (page 67 of transcript). There was no conflict in the evidence as to the new contract between plaintiff and defendants extending the time of payment. This was a vital point in the case, and the refusal of the court so to instruct the jury was error, most prejudicial to the plaintiff's case. (2) Plaintiff's instruction number 11, refused by the court, was fully warranted by the evidence, was a correct declaration of the law applicable to the facts proved, was proper and necessary for the vindication of plaintiff's rights, and should have been given. *Sharpe v. Johnston*, 59 Mo. 557, s. c., 76 Mo. 660, and cases cited. (3) The court erred in giving defendant's instruction number 7. The credit of plaintiff was not an issue raised by the pleadings, but, even had it been an issue in the case, is it not an astounding proposition of law that instructs the jury "to take the same into consideration for the purpose of rebutting the want of probable cause" for procuring the arrest of plaintiff on the charge of larceny? (4) The court erred in giving defendants' instructions numbers 1, 2, 3 and 5. (5) The court erred in giving instruction number 1 of its

own motion. *Swigert v. Railroad*, 75 Mo. 475; *Allen v. Mansfield*, 82 Mo. 688. (6) The verdict of the jury is. against the law as declared in plaintiff's instruction. number 6. *Sappington v. Watson*, 50 Mo. 83; *Sharpe v. Johnston*, 59 Mo. 557; *Donnelly v. Daggett*, 14 N. E. [Mass.] 161. (7) The court erred in permitting proof of specific facts of indebtedness of plaintiff. *Degenhardt v. Schmidt*, 7 Mo. App. 117.

*Campbell & Ryan* for respondents.

(1) The questions tried below were, did the defendants, when they began the prosecution, believe Finley guilty of the offense charged, and had they reasonable grounds for that belief; that is, was their belief based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man? These facts, if proven, constituted a complete defense to the action. *Van Sickle v. Brown*, 68 Mo. 627; *Sparling v. Conway*, 75 Mo. 512; *Sharpe v. Johnston*, 76 Mo. 660. (2) The burden was upon plaintiff to prove that the prosecution was instituted wilfully, falsely, maliciously and without probable cause. *Sappington v. Watson*, 50 Mo. 83; *Sharpe v. Johnston*, 76 Mo. 660; *Burris v. North*, 64 Mo. 426. (3) Malice need not be directly proven, but may be inferred from want of probable cause; but if there was probable cause for the prosecution and belief by the prosecutor in the guilt of the accused, the motives for the prosecution, whether malicious or otherwise, are immaterial. *Sharpe v. Johnston*, 76 Mo. 660–669; *Mesenberg v. Engelke*, 18 Mo. App. 346; *Renfro v. Prior*, 22 Mo. App. 403. (4) Where there is an honest belief in the guilt of a person, and probable cause to so believe, advice of counsel is not necessary to shield the prosecutor when attacked in a action of this kind, nor can such advice be admitted in evidence to show the existence of probable

cause.    Its only purpose is to  overthrow a presumption
of malice which arises where probable cause is not shown.
*Sparling v. Conway*, 75 Mo. 510–513.

PER CURIAM.—This  case  presents  two  causes of
action; the first, for an  "unlawful and wrongful" arrest
and imprisonment, and  the second for  malicious pros-
ecution of the plaintiff in the St. Louis court of criminal
correction, on a  charge of  obtaining  money  by  false
pretenses.    The answer was a general denial.

At the  trial, plaintiff's  evidence  disclosed  that he
had been arrested upon a warrant, regularly issued in a
criminal prosecution before the St. Louis court of crim-
inal correction, upon information  duly filed.

The  court admitted, against  plaintiff's  objection,
evidence that  he  was  not of good credit at the time of
the prosecution.

It also gave among the  instructions, at defendants'
instance, the  following :

"3.    Although the plaintiff succeeds in  satisfying
you, from the evidence, that the prosecution complained
of was  commenced  by defendants  without  probable
cause, yet you  will find your verdict for the defendants
unless  you  further  find from the evidence that the
defendants commenced and continued the prosecution
against the plaintiff maliciously."

There was a finding for defendants  on each of the
two causes of  action, and  judgment accordingly, from
which  plaintiff  appealed  after  the  ordinary  prelim-
inaries.

The evidence did  not support plaintiff's first cause
of action.    It was predicated on the illegality of plain-
tiff's arrest ; but his  own  evidence revealed  that the
arrest and imprisonment complained  of were  made in
due course upon  regular proceedings of  a  court having
complete jurisdiction of the offense charged.    No cause
of action for false imprisonment could be maintained on

his own showing.   It is, hence, unnecessary to consider
any error assigned by plaintiff with reference to that
court, as the finding for defendants thereon was for the
right party and will not be disturbed.

II.   As to the second cause of action, plaintiff com-
plains of the admission of defendants' evidence to the
effect that he was not of good business credit and
repute at the time of the alleged malicious prosecution.
But, as that count expressly mentions injury to his
good name and reputation "in his business as carpenter
and builder" as an element of damage, we have no
doubt of the correctness of the ruling of the trial court
on that point.

An error, however, was made in the instruction for
defendants which told the jury to find for them unless
they found from the evidence that defendants "com-
menced and continued the prosecution against the
plaintiff maliciously."

Malice is an essential fact to be proven to maintain
an action for malicious prosecution, though it may often
be inferred as a fact from the proofs which establish a
want of probable cause; but it was not vital to plaintiff's
recovery that he should show that defendants com-
menced and continued the prosecution maliciously.   If
he proved that it was either so commenced or continued
by them, it would be sufficient to support his case under
the pleadings and evidence.   The instruction in question
required plaintiff to bear a greater burden of proof than
the law, in strictness, demanded.

It is, hence, necessary to reverse the judgment and
the finding on the second count of the petition, and to
remand the cause for a new trial thereon.   The finding
on the first count is affirmed.

The other points of criticism on the instructions can
doubtless be avoided on a retrial, and therefore do not
call for remark at present.

The costs of this appeal will abide the event of the
action.