[No. B036208. Second Dist., Div. Five. Dec. 5, 1988.]

CEDARS-SINAI MEDICAL CENTER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MARCUS LAVELL HENDERSON, Real Party in Interest.

COUNSEL

Rushfeldt, Shelley & McCurdy, Rushfeldt, Shelley & Drake, Horvitz, Levy & Amerian, Horvitz & Levy, David M. Axelrad, George P. Schiavelli and Lisa Perrochet for Petitioners.

No appearance for Respondent.

Johnnie L. Cochran, Jr., and Jean Corey Ballantine for Real Party in Interest.

## OPINION

**ASHBY, Acting P. J.**—Petitioners, defendants in a malicious prosecution action, seek review of an order of the respondent court denying their motion for summary judgment. We grant the petition.

### FACTS

Early in 1982, there were a number of arson fires at Cedars-Sinai Medical Center (Cedars). At one point, the investigation into the cause of the fires focused on real party Marcus Henderson. During the course of the investigation, police investigators asked several Cedars employees to listen to a tape of a telephoned bomb threat. Five individuals, including petitioners Sharon Huff and Rodrigo Rojas, independently identified the voice as Henderson's. Henderson was arrested for arson, and Huff and Rojas, among others, testified at his preliminary hearing, identifying Henderson as the individual whose voice they had heard on the tape. Although the charges were later dismissed for lack of evidence, Henderson spent over three months in jail.

Henderson thereafter sued Cedars, Huff and Rojas, and others, for malicious prosecution and other causes of action.[1] In his cause of action for malicious prosecution, Henderson alleges that the defendants "acted without probable cause in instigating and initiating the prosecution of plaintiff in that they did not honestly, reasonably, and in good faith, believe plaintiff to be guilty of the crime charged because they knew plaintiff was not the individual on the tape played for them. . . . Said defendants, nevertheless, maliciously misidentified plaintiff as the individual on said tape for the purpose of annoying and wronging him."

---

[1]Henderson has also sued the City of Los Angeles and the city's police and fire departments for malicious prosecution, false imprisonment, negligent infliction of emotional distress, negligence, slander and false arrest.

Henderson did not oppose a summary judgment motion by Willie Moore, another defendant who identified Henderson's voice on the tape. Two remaining individuals who did identify the voice as Henderson's were not named as defendants. Cedars is named as a defendant on the theory that it is vicariously liable for the acts of its employees, Huff and Rojas. Because Cedars is entitled to a summary judgment if Huff and Rojas are so entitled, it is a party aggrieved by the ruling of the respondent court.

In their declarations submitted in support of their motions for summary judgment, Huff and Rojas stated that in February 1983, they were summoned to the security office at Cedars, introduced to investigators and asked to listen to the tape. Neither was told that others had identified the voice as Henderson's; both declared they "genuinely believed that it sounded like Marcus Henderson's voice on the tape."

Both Huff and Rojas stated they had not sought out the authorities or initiated any criminal action against Henderson; after listening to the tape, they took no further steps regarding the matter, and "[e]verything else was left to the authorities."

In his opposition to the motions, Henderson conceded that his arrest was not based solely upon the identifications provided by Huff and Rojas, and that they had not sought out the authorities.

The superior court denied Huff and Rojas's motions for summary judgment because Henderson had raised a triable issue of fact as to petitioners' motives by providing evidence, "however slight," that they harbored ill will towards him.[2] However, the court did not consider the determinative factor in this case: Henderson conceded that neither Huff nor Rojas initiated the prosecution against him. Because Henderson cannot prove this crucial element of his malicious prosecution cause of action, petitioners are entitled to summary judgment.

## DISCUSSION

■ Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause. (*Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710, 720 [117 Cal.Rptr. 241, 527 P.2d 865].) ■ "The test is whether the defendant was actively instrumental in causing the prosecution." (5 Witkin, Summary of Cal. Law (9th ed. 1988), Torts, § 418, p. 503.) "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime [Citation.]." (*Sullivan, supra,* 12 Cal.3d at p. 720.)

■ In the present case, evidence offered by Huff and Rojas, and uncontroverted by Henderson, establishes that they did not instigate, nor were they "actively instrumental in causing," the prosecution of Henderson. On

---

[2] Henderson's only evidence of malice was his belief that Huff and Rojas had falsely identified the voice on the tape as his.

the contrary, Huff and Rojas were approached by the authorities as potential witnesses in an investigation which had already focused on Henderson, and the information supplied by Huff and Rojas was among several pieces of evidence which had been gathered by police prior to filing charges. ■ Public policy requires that "private persons who aid in the enforcement of the law should be given an effective protection against the prejudice which is likely to arise from the termination of the prosecution in favor of the accused." (*Norton* v. *Hines* (1975) 49 Cal.App.3d 917, 922 [123 Cal.Rptr. 237].)

■ Henderson cites case law to the effect that an individual who does nothing more than testify falsely at a preliminary hearing (which he claims Huff and Rojas did) may be held liable for malicious prosecution. (*Rupp* v. *Summerfield* (1958) 161 Cal.App.2d 657 [326 P.2d 912]; *Dreux* v. *Domec* (1861) 18 Cal. 83.) However, those cases are factually distinguishable. In *Rupp,* for example, the defendant "was not merely a witness at the preliminary hearing *but initiated the proceeding* by knowingly making a false report to law enforcement officers and that he intentionally and knowingly testified falsely at the preliminary hearing." (161 Cal.App.2d at p. 663; italics added.) In *Dreux,* cited in a number of later cases, two individuals instigated a prosecution on a false charge of assault with intent to murder; they then paid a third individual to testify falsely at the defendant's preliminary hearing. The Supreme Court approved a jury instruction which made the "hired witness" liable for malicious prosecution, even though he had not instigated the prosecution. *Dreux* has been cited for the proposition that an attorney may be held liable for aiding and abetting a malicious prosecution instigated by his client. (*Lujan* v. *Gordon* (1977) 70 Cal.App.3d 260 [138 Cal.Rptr. 654].)

■ A summary judgment motion allows a court to "penetrate through evasive language and adept pleading and ascertain the existence or absence of triable issues [Citations.]." (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310].) ■ In this case, Henderson attempted to create a triable issue of fact merely by alleging that Huff and Rojas had acted out of "ill will and malice and without probable cause." Henderson did not present any facts which supported his claims, and he had no choice but to concede a crucial element of his malicious prosecution cause of action. The respondent court therefore abused its discretion in denying petitioners' motions for summary judgment.

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of July 13, 1988, denying the motions for summary judgment of defendants Sharon Huff and Rodrigo Rojas, and

enter a new and different order granting said motions, in that matter entitled Marcus Lavell Henderson v. Cedars-Sinai Medical Center et al., Los Angeles Superior Court No. C 488599.

Boren, J., and Kennard, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 15, 1989.