**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KING BRETT LAUTER, | No. 12-55729 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-06811-JVS-JC |
| v. | |
| IRINA ANOUFRIEVA; LAUREN LIEBERT; JONATHAN C.S. COX; DEBRA COX, Representative of the Estate of Jonathan C.S. Cox; COX, PADMORE, SKOLNIK & SHAKARCHY, LLP; ELLEN BIDISCO, Erroneously Sued As Ellen Bodisco; Erroneously Sued As Ellen Miller; JACOB S. SHAKARCHY; GERALD PADMORE; STEVEN D. SKOLNIK; DEBORAH H. SROUR, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted December 2, 2013[]
Pasadena, California

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

King Brett Lauter appeals the district court's grant of summary judgment in favor of his ex-wife, Irina Anoufrieva, her former employer, the law firm of Cox, Padmore, Skolnik & Shakarchy LLP ("the Cox firm"), and several of its employees. The firm alerted police to Lauter's presence outside the firm offices, leading the district attorney to bring charges against Lauter for violating a restraining order protecting Anoufrieva. Lauter claims this constituted malicious prosecution because he was in fact attempting to serve members of the Cox firm with subpoenas, and this was conduct that the restraining order did not bar. He makes no showing, however, that defendants knew that this was his purpose, or that they concealed it from the police. He therefore cannot demonstrate malice or false reporting to police. *See Cedars-Sinai Medical Ctr. v. Superior Court*, 253 Cal. Rptr. 561, 563 (Ct. App. 1988).

Lauter also contends that defendants invaded his privacy when they helped Anoufrieva move and forwarded her mail. These actions, however, did not affect Lauter's privacy. Lauter has also failed to show any genuine dispute of fact

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

regarding his RICO, negligence, and California Business and Professions Code claims.  None have merit.

**AFFIRMED**.